IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARRYL W. JACKSON, et al.,       )
                                 )
              Plaintiffs,        )
                                 )
     v.                          )    No.  07 C 5348
                                 )
MICHAEL J. CASEY, et al.,        )
                                 )
              Defendants.        )

MEMORANDUM ORDER

Darryl Jackson ("Jackson") has just filed a thick Complaint and attached exhibits[1] targeting three defendants: Michael Casey of the Illinois Department of Children and Family Services, Dr. Eva Wyrwa of Glen Ellyn Clinic Pediatrics Group and Dr. Jayshree Vajaria of Central DuPage Hospital. As always, this Court's first obligation is to determine the existence or nonexistence of subject matter jurisdiction (see, e.g., Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998)), an obligation that compels this Court to act sua sponte if that inquiry produces a negative answer (see, e.g., Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)).

What Jackson complains about is the assertedly improper medical treatment of his infant daughter, a subject as to which this Court of course expresses no opinion (for purposes of

---

[1] More precisely, the Complaint comprises 19 short paragraphs occupying just four pages, with the bulk of Jackson's submission consisting of extensive exhibits that set out the history of medical treatment of 15-month-old Juliet Nykai Jackson, whom Jackson lists as an additional plaintiff.

evaluating Jackson's Complaint, his allegations must be accepted as true without this Court's making any actual findings in that respect).  But the only basis on which Jackson seeks to enter the federal courthouse door is via several skeletal and purely conclusory characterizations:  an unsupported reference to "Racial Targeting" and "Race Discrimination" in Complaint ¶2, a similarly unsupported reference to "Racial Bias" in Complaint ¶6 and two similarly unsupported uses of the terms "Maliciously & Racially" in Complaint ¶¶9 and 17.

Just this last Term the United States Supreme Court redefined the standard for testing federal complaints in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965, 1973 n.14 (2007) by imposing a requirement of "plausibility" on a plaintiff's allegations in place of the more generous standard announced a half century ago in <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).  This Court's search of the thick Complaint exhibits reveals that Jackson's conclusory playing of the race card as described in the preceding paragraph is totally speculative, rather than plausible, so that he has clearly failed the <u>Bell Atlantic</u> test.

Too often nonlawyer litigants mistake the federal courts as a place where every wrong can be righted.  Not so--instead, federal courts' subject matter jurisdiction is limited to the matters that Congress has specifically conferred upon them.  It is possible that Jackson may have legitimate complaints about the

treatment to which he and his daughter have been subjected (again matters on which this Court expresses no opinion), but if so he must advance those grievances in a state court of competent jurisdiction. Accordingly both the Complaint and this action are dismissed sua sponte, without prejudice to Jackson's possible pursuit of his claims elsewhere.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 25, 2007